## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **LARRY A. VARNER,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 07-1509(RJL)** |
|  | ) | |
| **EDWARD F. REILLY, JR., et al.,** | ) | |
| **Respondents.** | ) | |

_____)

### UNITED STATES PAROLE COMMISSION'S OPPOSITION TO
### PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

The United States Parole Commission (the Commission), by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Opposition to petitioner's Petition for Writ of Habeas Corpus. As explained below, petitioner's claims are without merit and his petition should be summarily denied.

### PROCEDURAL HISTORY

On June 8, 1984, in D.C. Superior Court case number 1983-FEL-5821, petitioner was sentenced to a term of 10 to 35 years' imprisonment for Second Degree Murder. See Exhibit A, sentence computation, and Exhibit B, judgment and commitment order. He was released on parole on October 21, 1993. See Exhibit C, parole certificate.[1] At the time of his release, he signed a parole certificate, acknowledging that he was required to be under supervision until October 9, 2018 and agreeing to the conditions of his release. Id. Among the conditions of his release, he was prohibited from violating any law and was required to notify his probation officer if he was arrested on new criminal charges. Id. at page 2.

---

[1] Petitioner originally came under the Commission's jurisdiction because he was released from a Federal Bureau of Prisons facility. Petitioner remains under the Commission's jurisdiction as a result of D.C. Code § 24-131.

On October 9, 1998, petitioner's probation officer informed the Commission that petitioner had failed to notify the officer of a change in residence and had failed to submit monthly supervision reports, as required by the conditions of his parole.  See Exhibit D, probation office letter.  The Commission issued a violator warrant for his arrest and petitioner was arrested on the warrant on November 13, 1998.  See Exhibit E, violation warrant, and Exhibit F, U.S. Marshals Service facsimile.  The Commission subsequently ordered petitioner released forthwith from the custody of the warrant.  See Exhibit G, Commission notice of action.

Petitioner then apparently performed well under supervision.  On October 29, 2001, petitioner's probation officer recommended that he be placed on inactive parole supervision.  See Exhibit H, supervision report.  After considering petitioner's case and the probation officer's recommendation, the Commission ordered petitioner released from active parole supervision pursuant to 28 C.F.R. § 2.96.  See Exhibit I, Commission letter, and Exhibit J, Commission order dated January 16, 2002.  Petitioner later moved to Upper Marlboro, Maryland.

On November 6, 2006, petitioner was arrested at his home in Maryland.  See Exhibit K, probation office letter and attachment.  He was charged by indictment in this Court in case number 06-345(RMC) with one count of Theft from a Program Receiving Federal Funds and one count of Bank Fraud.  Id.  On December 14, 2006, the Commission was notified that petitioner had been arrested and that he had been charged with using his position as a paralegal in the Howard University General Counsel's office to embezzle, steal, obtain by fraud, and without authority, a $30,000 check in the custody and control of Howard University Hospital.  Id.  In light of this information, the Commission withdrew its prior order of release from active

supervision and returned petitioner to active supervision to more closely supervise him during the new criminal proceedings.  See Exhibit L, Commission memorandum and order, and Exhibit M, Commission notice of action.

Petitioner later pled guilty in case number 06-345(RMC) to one count of Theft from a Program Receiving Federal Funds, and on September 6, 2007, the Honorable Rosemary M. Collyer sentenced him to six months' imprisonment and three years' supervised release.  See Exhibit N, United States sentencing memorandum, and Exhibit O, judgment and commitment order.  The Commission recently received this information but has not yet taken any action (e.g., issued a violator warrant).

## ARGUMENT

In his petition, petitioner argues (at 4) that the Commission "revoked" his parole without notice or a hearing, thereby depriving him of due process.  Petitioner also claims (at 4) that he should be released from any type of supervision because he has completed service of his Superior Court sentence.  Petitioner is mistaken on both points and hence his petition should be summarily denied.

**I.    Petitioner Was Not Entitled to Notice or a Hearing on the Commission's Decision to Return Him to Active Supervision**

Petitioner's main claim is that the Commission failed to give him advance notice and an opportunity to be heard prior to his return to active supervision.  This claim has no merit because the law does not grant petitioner any procedural rights with regard to this question.[2]

---

[2]    In his petition, petitioner omits any mention of his arrest on new criminal charges or his plea in case number 06-345(RMC).  Hence, his complaint that he was unaware of the reason for his return to active supervision is disingenuous.

3

When petitioner was released on parole on October 7, 1993, he signed a parole certificate acknowledging that he was required to be supervised until October 9, 2018.  Exh. C.  Before his 2018 expiration date, the Commission decided, sua sponte, to place him on inactive parole supervision according to its rule at 28 C.F.R. § 2.96.  See Exhibits I and J.  Under this provision, "[a]n order of release from supervision shall not release the parolee from the custody of the Attorney General or from the jurisdiction of the Commission before the expiration of the term or terms being served."  28 C.F.R. § 2.96(c).  Hence, as the Commission noted to petitioner when the Commission ordered his release from active supervision, inactive supervision was "subject to change for cause by further action by the U.S. Parole Commission at which time parole/mandatory release may be revoked, supervision may be ordered, resumed, or special conditions imposed."  See Exhibit J.  Petitioner was specifically prohibited from violating the law.  Id.; see also 28 C.F.R. § 2.96(b) ("[e]ach order of release shall state that the conditions of the releasee's parole are waived, except that it shall remain a condition that the releasee shall not violate any law or engage in any conduct that might bring discredit to the parole system, under penalty of possible withdrawal of the order of release or revocation of parole").  Thereafter, and before his full term date had expired, petitioner was arrested, thus triggering the Commission's decision to return him to active supervision.

It is certainly the case that a prisoner on release has due process rights upon a possible revocation of parole.  See, e.g. Moody v. Daggett, 429 U.S. 78 (1976).  Here, however, the Commission has not issued a violator warrant or taken petitioner into custody, let alone revoked his parole, but has merely returned him to active supervision.  The Commission's regulations state:

> If, after an order of release from supervision has been issued by the Commission, and prior to the expiration date of the sentence(s) being served, the parolee commits any new criminal offense or engages in any conduct that might bring discredit to the parole system, the Commission may, in its discretion, do any of the following:
>
> (a) Issue a summons or warrant to commence the revocation process;
>
> (b) Withdraw the order of release from supervision and return the parolee to active supervision; or
>
> (c) Impose any special conditions to the order of release from supervision.

28 C.F.R. § 2.97 (emphasis added). Hence, a D.C. prisoner such as petitioner has no liberty interest in any particular type of parole supervision. See generally Ellis v. District of Columbia, 84 F.3d 1413 (D.C. Cir. 1996); see also D.C. Code § 24-404. Thus, petitioner does not yet face the deprivation of liberty triggering due process protections. See Walker v. Henderson, 912 F. Supp. 1, 3 (D.D.C. 1996). Accordingly, petitioner's claim that he was entitled to notice and a hearing before his return to active supervision is without merit.[3]

## II.    Petitioner Properly Remains Under Supervision and Is Not Entitled to Release

Petitioner's second claim - that he should have been mandatorily released from his sentence - also is without merit. Petitioner correctly states that his "mandatory release date," as computed by the Federal Bureau of Prisons, was April 10, 2007. See Exhibit A at page 2 (showing "statutory release date" of 04-10-2007). The statutory mandatory release date is the maximum date a D.C. prisoner may be held in custody and is a result of a prisoner's good time credits reducing the time a prisoner is required to serve in the institution. Hence, had petitioner

---

[3]    The Commission may, in its discretion, now elect to initiate parole revocation proceedings against petitioner, at which time he will would be afforded the process described in the Commission's regulations regarding parole revocation for D.C. Code offenders at 28 C.F.R. § 2.98 et seq.

not previously been released on parole, he would have been entitled to release from incarceration on April 10, 2007 (assuming he had earned the maximum amount of good time credit available to him).  However, petitioner <u>was</u> released on October 21, 1993, well in advance of his mandatory release date.  Thus, his early release essentially mooted his mandatory release date. Moreover, when petitioner was released on October 21, 1993, he was released on parole.  "While on parole, a prisoner shall remain in the legal custody and in the legal custody and control of the Attorney General of the United States or his authorized representative until the expiration of the maximum term or terms specified in his sentence without regard to good time allowance."  <u>See</u> D.C. Code § 24-404(a).  In this case, petitioner's full term date was October 9, 2018.  <u>See</u> Exhibit C.  The full term date is the date on which a prisoner is entirely free of any type of supervision.  Petitioner thus has not completed his sentence and at present, he remain on supervision until completion of his full term date.  Accordingly, his claim that he completed his sentence is without any merit.

**CONCLUSION**

For the reasons stated herein, petitioner lawfully remains under the Commission's

jurisdiction, and he has received all the process to which he was due.  Accordingly, the petition

for writ of habeas corpus should be summarily denied.

October 11, 2007                                      Respectfully submitted,

                                                     JEFFREY A. TAYLOR
                                                     United States Attorney

                                                     ROBERT D. OKUN
                                                     Chief, Special Proceedings Division


                                                     _____/s/_____
                                                     MARGARET J. CHRISS
                                                     Assistant United States Attorney
                                                     555 4th Street, N.W.
                                                     Washington, DC 20530
                                                     (202) 307-0874




**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, this 11th day of October 2007, I caused a copy of the
foregoing Opposition to Petitioner's Petition for Writ of Habeas Corpus and exhibits thereto to
be served by first-class mail, postage prepaid, on:

Mr. Larry A. Varner
8 Parkcrest Court
Upper Marlboro, MD 20774


                                                     _____/s/_____
                                                     Assistant United States Attorney

**Exhibit A**

```
5H    PAR5B  540*23 *              SENTENCE MONITORING        *     10-13-2006
PAGE 001        *                 COMPUTATION DATA         *    10:02:17
                                  AS OF 10-21-1993
```

REGNO..: 00470-000 NAME: VARNER, LARRY A

```
FBI NO...........: 336230W2          DATE OF BIRTH: ▓▓▓▓▓▓
ARS1.............: OAD/PAROLE
UNIT.............:                    QUARTERS.....:
DETAINERS........: NO                 NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  10-21-1993 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-5821-83G
JUDGE..........................: MOULTRIE
DATE SENTENCED/PROBATION IMPOSED: 06-08-1984
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 04-25-1986
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

-------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  621
OFF/CHG: SECOND DEGREE MURDER. 22-2401.

```
 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   35 YEARS
 MINIMUM TERM...................:   10 YEARS
```

G0002       MORE PAGES TO FOLLOW . . .

GOVERNMENT
EXHIBIT
A

```
5H    PAR5B  540*23 *          SENTENCE MONITORING        *    10-13-2006
PAGE 002 OF 002 *              COMPUTATION DATA       *      10:02:17
                               AS OF 10-21-1993
```

REGNO..: 00470-000 NAME: VARNER, LARRY A

---------------------------PRIOR COMPUTATION NO: 010 ---------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-20-1993 AT OAD AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

```
DATE COMPUTATION BEGAN..........: 06-08-1984
TOTAL TERM IN EFFECT............:    35 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    35 YEARS

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   10-11-1983   06-07-1984

TOTAL JAIL CREDIT TIME..........: 241
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 4200
PAROLE ELIGIBILITY..............: 06-03-1991
STATUTORY RELEASE DATE..........: 04-10-2007
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 04-12-2018
EXPIRATION FULL TERM DATE.......: 10-09-2018

PAROLE EFFECTIVE................: 10-21-1993
PAROLE EFF VERIFICATION DATE....: 10-07-1993
NEXT PAROLE HEARING DATE........: 07-00-1993
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

ACTUAL SATISFACTION DATE........: 10-21-1993
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: OAD
ACTUAL SATISFACTION KEYED BY....: MET

DAYS REMAINING..................: 9119
FINAL PUBLIC LAW DAYS...........: 0
```

REMARKS.......: RECOMPUTED TO ADJUST PAROLE ELIGIBILITY FOR D.C. GOOD TIME
               CREDITS DATED 8-25-91 FROM CENTRAL OFFICE.

S0039     ALL CURRENT COMPS ARE SATISFIED

**Exhibit B**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. *F5821-83 ₦"*

vs.

PDID No. *292-042*

*51*

*Larry A. Varner*

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____

*6" Second Degree Murder*

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

*Not Less Than (10) Ten years To Not More than 35) Thirty five years.*
*Deft Needs Protective Custody or Separation. Deft Former Correctional Officer.*

☐ ORDERED that the defendant is committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*6-8-84*
Date

Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*6-8-84*
Date

Original — Court
Blue — Jail
Green — Defendant
Canary — Social Services

Pink — Mayor's Office
Goldenrod — U.S. Attorney/Corporation
Goldenrod — Defense Attorney

Form CD(18)-1042/Apr. 83

GOVERNMENT EXHIBIT
B

**Exhibit C**

# U.S. Department of Justice
# United States Parole Commission
### Chevy Chase, Maryland 20815



## Certificate of Parole

**Know all Men by these Presents:**

It having been made to appear to the United States Parole Commission that

VARNER, LARRY A. , Register No. - 00470-000 , a prisoner in the

FDC OAKDALE is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of his offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on

OCTOBER 21 , 19 93 ; and that said prisoner is to remain within the

limits of DISTRICT OF COLUMBIA until OCTOBER 9 , 19 2018.

Given under the hands and the seal of the United States Parole Commission this 30TH day

of SEPTEMBER nineteen hundred and 93 .

UNITED STATES PAROLE COMMISSION.

By _Barbara Baker_

BARBARA BAKER, CASE ANALYST

Initial Risk Category VERY GOOD (9)

Probation Officer EUGENE WESLEY, JR. CUSPO, WASHINGTON, D.C.

I have read, or had read to me, the conditions of release printed on the reverse of this certificate and received a copy thereof. I fully understand them, and know that if I violate any, I may be recommited. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

_(Name)_ 00470-000
 _(Register Number)_

WITNESSED _Kathleen Lucker_

_Case Manager_ 10-7-93
 _(Title)_ _(Date)_

UNITED STATES PAROLE COMMISSION

The above-named person was released on the 21st , day of October , 19 93 .

with a total of 9119 days remaining to be served.

_R. Guzik_
Bob Guzik Jr. Warden
 _(Chief Executive Officer)_

GOVERNMENT EXHIBIT
C

Post-it™ brand fax transmittal memo 7671 | # of pages ▶ 2

| To BARBARA BAKER | From LARRY FRANKLIN |
|---|---|
| Co. US PAROLE COMMISSION | Co. FDC OAKDALE |
| Dept. DALLAS, TX | Phone # 700-490-8126 (FTS) |
| Fax # 214-767-6259 | Fax # 318-335-4836 |

# CONDITIONS OF RELEASE

1. You shall go directly to the district shown on this CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole adviser if you have one, and the United States Probation Officer whose name appears on this Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your probation officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2. If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Officer.

3. You shall not leave the limits fixed by this CERTIFICATE OF RELEASE without written permission from your probation officer.

4. You shall notify your probation officer within 2 days of any change in your place of residence.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your probation officer between the first and third day of each month, and on the final day of parole. You shall also report to your probation officer at other times as your probation officer directs, providing complete and truthful information.

6. You shall not violate any law. Nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your probation officer or the United States Probation Office if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an "informer" or special agent for any law-enforcement agency.

8. You shall work regularly unless excused by your probation officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your probation officer any changes in employment.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not associate with persons who have a criminal record unless you have permission of your probation officer.

11. You shall not possess a firearm or other dangerous weapons.

12. You shall permit confiscation by your probation officer of any materials which your probation officer believes may constitute contraband in your possession and which your probation officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Probation Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, will cooperate with your Probation Officer in establishing an installment payment schedule.

14. You shall submit to a drug test whenever ordered by your probation officer.

SPECIAL CONDITIONS: (Applicable only if indicated)

( ) You shall participate as instructed by your probation officer in a program approved by the Parole Commission for treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs.

( ) You shall participate in a community based program for the treatment of alcoholism as directed by your probation officer.

( ) You shall participate in an in-patient or an out-patient mental health program as directed by your probation officer.

( ) You shall reside in and participate in a program of the Community Corrections Center as instructed until discharge by the Center Director, but no later than 120 days from admission.

( ) Other:

This CERTIFICATE will become effective on the day of release shown on the reverse side. If the releasee fails to comply with any of the conditions listed above, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

Information concerning a releasee under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning releasees may be released to a law enforcement agency as required for the protection of the public or the enforcement

**Exhibit D**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
### PROBATION OFFICE

RICHARD A. HOUCK, JR.
CHIEF UNITED STATES PROBATION OFFICER

E. BARRETT PRETTYMAN U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W., SUITE 2800
WASHINGTON, D.C. 20001-2866
TELEPHONE (202) 565-1300

RECEIVED
OCT 14 1998
P.M.

October 9, 1998

Mr. Timothy Tobin
Post Release Analyst
U.S. Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815

**Re: VARNER, Larry A.**
**Reg # 00470-000**
Paroled: 10/21/93
Expiration: 10/09/2018
**VIOLATION REPORT/WARRANT REQUESTED**

Dear Mr. Tobin:

On October 21, 1993, Mr. Larry Varner was released to parole supervision in the District of Columbia, with an expiration date of October 9, 2018.

The purpose of this letter is to inform the Commission of the following alleged violation of parole:

Violation No. 1:    <u>Failure to Report Change in Residence</u>

Mr. Varner has not reported to the U.S. Probation Office since June 10, 1996.

On August 25, 1998, the undersigned probation officer received this case via transfer from an officer who has since retired. On September 3, 1998, a letter was forwarded to Mr. Varner at his last noted address, 1364 Valley Place, S.E., Washington, D.C. After receiving no response, on September 25, 1998, we attempted to contact him telephonically and received no answer. On October 2, 1998, a visit to the above-noted residence revealed that the house is vacant and for sale. Additional attempts to reestablish contact with Mr. Varner involved a criminal record check (no new arrests), and telephone calls to numbers reflected in the file as Mr. Varner's pager and his sister Regina Varner's number. Mr. Varner's last office visit occurred on June 10, 1996

GOVERNMENT EXHIBIT
D

Varner, Larry A.
Reg.# 00470-000
Page 2

Violation No. 2:     Failure to Submit Monthly Supervision Reports

Mr. Varner's August 1996 monthly supervision report was received in the U.S. Probation Office
on September 11, 1996, via the mail. He has not submitted a report since that time. On June 10,
1996, he was confronted by the probation officer for not mailing his reports in a timely manner.
The officer noted that he had received five (5) monthly reports and when questioned, Mr. Varner
admitted that he had recently mailed same. It appears that he became delinquent in submitting
the reports beginning January 1996.

In view of Mr. Varner's abscondance from parole supervision, we recommend that a parole
violators warrant be issue for his arrest.

Should your office require additional information, I may be reached at the below noted telephone
number.

Sincerely,

*Hilda G. Best*

Hilda G. Best
U.S. Probation Officer
Telephone: 202-565-1316

HGB:bmck

Approved By:     *Thyra R.J. Benoit*

Thyra R.J. Benoit
Supervising U.S. Probation Officer

**Exhibit E**



# Memorandum

---

**WARRANT APPLICATION & WARRANT**
Re: VARNER, Larry A.
Reg. No. 00470-000

**Date Warrant Issued:**

October 14, 1998

---

To:

U.S. Marshal
District of Columbia - District Court
1103 U.S. Courthouse
3rd & Constitution Avenues, N.W.
Washington, D.C.  20001

From:

Timothy P. Tobin
Case Analyst
U.S. Parole Commission

Enclosed are copies of Warrant Application and Warrant in duplicate, issued by the United States Parole Commission for the above-named parolee.  Notify the Commission of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible or when located.  NOTE:  If the parolee is already in the custody of federal or state authorities, do not execute this warrant.  Place a detainer and notify the Commission for further instructions.  Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed.**

**PROBATION OFFICER:**  Please keep the Commission advised of all further developments in this case.

cc:  Hilda G. Best
     U.S. Probation Officer
     District of Columbia
     3rd & Constitution Avenue, N.W.
     U.S. Courthouse, Room 2800
     Washington, D.C.  20001-2866

PROCEDURE: After execution of the warrant give one copy of Warrant Application to the prisoner; furnish one copy to the U.S. Probation Officer as soon as practical after taking custody; and advise the Regional Office of the Parole Commission which issued the Warrant that subject is in custody.  Give the place of confinement, and the date Warrant was executed.  When prisoner is returned to the designated institution, leave Warrant Application and one Warrant with Warden.  Make your return on the other Warrant to the Regional Commissioner of the region where it was issued.

NOTE:  If there has been a conviction of an offense committed while under supervision, no preliminary interview by a Probation Officer will be conducted unless the Commission orders otherwise.



GOVERNMENT
EXHIBIT
E

# U.S. DEPARTMENT OF J~TICE
## UNITED STATES PAROLE COMMISSION

<span style="text-decoration: underline;">**WARRANT APPLICATION**</span>

| | |
|---|---|
| Case Of .................. VARNER, Larry A. | Date ........................... October 14, 1998 |
| Reg. No ..................... 00470-000 | Parole Termination Date .............. 10-9-2018 |
| FBI No .................... 336280W2 | Violation Date ...................... 10-5-96 |
| Birth Date ................. ~~~~~~~~~ | Released ....................... October 21, 1993 |
| Race ...................... Black | |
| Sentence Length ............. 35 years | |
| Original Offense ............. Second Degree Murder | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

## CHARGES:

**Charge No. 1 - a) Failure to Submit Supervision Reports; b) Failure to Report Change in Residence.**
Subject has failed to submit his required monthly supervision report to his USPO for the month(s) of September, 1996 and any month thereafter. His whereabouts are unknown. .This charge is based on information contained in the letter dated 10-9-98 from USPO Best.
**1a - I ADMIT [ ] or DENY [ ] this charge.**
**1b - I ADMIT [ ] or DENY [ ] this charge.**

**Preliminary Interview Is Required**

Warrant Recommended By:

_____

Timothy P. Tobin, Case Analyst
U.S. Parole Commission,

Warrant Issued.................................October 14, 1998

Probation Office Requesting Warrant..District of Columbia (1 - Main)
( ) Commission    ( ) Inmate    ( ) Institution    ( ) USPO    ( ) Interviewing Officer    ( ) Chron

---

**Larry A. VARNER    Reg. No. 00470-000**
**Warrant Application**
**Page 1 of 1**

# WARRANT

**U.S. Department of Justice**
**United States Parole Commission**

**To Any Federal Officer Authorized To Serve Criminal Process Within The United States:**

WHEREAS, VARNER, Larry A., Reg. No. 00470-000 was sentenced by the United States District Court to serve a sentence of 35 years for the crime of Second Degree Murder and was on October 21, 1993 released on parole from Oakdale FDC with 9,119 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on October 14, 1998.

_____
U.S. Parole Commissioner

**Exhibit F**

TO:  US PAROLE COMMISSION
     CHEVY CHASE, MD


FM:  US MARSHALS SERVICE
     US DISTRICT COURT
     WASHINGTON, DC


RE:  **VARNER, LARRY A**
     REG NO: 00470-000
     DCDC:  210131
     PDID:  292042


     THE ABOVE SUBJECT WAS ARRESTED ON 11-13-1998
     AND CURRENTLY IS IN D.C. JAIL PENDING YOUR
     DESIGNATION.



GOVERNMENT
EXHIBIT
F

**Exhibit G**

**U.S. Department of Justice**                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: VARNER, Larry A.

Register Number: 00470-000                    Institution: U.S. Marshals - D.C.

---

In the case of the above-named, the following parole action was ordered:

Release forthwith from custody of warrant dated 10/14/98 and reinstate to supervision. Subject is directed to report to U.S. Probation Office upon release.


THE ABOVE DECISION IS NOT APPEALABLE.


cc:      Hilda Best
         U.S. Probation Officer
         District of Columbia
         3rd & Constitution Avenue, N.W.
         U.S. Courthouse, Room 2800
         Washington, D.C. 20001-2866

         U.S. Marshal
         District of Columbia - District Court
         1103 U.S. Courthouse
         3rd & Constitution Avenues, N.W.
         Washington, D.C. 20001

GOVERNMENT
EXHIBIT
G

**Date: November 25, 1998**                          Clerk: trw

**Exhibit H**

Department of Justice
United States Parole Commission

# Supervision Report

Name:    Larry A. Varner                                                    Reg. No. 00470-000

Date of Last Release on Parole/Re-Parole:    10/21/93

Type of Commitment    ■  Adult    □  YCA    □  Juvenile    □  NARA    □  Other

Original Offense:    Second Degree Murder

Sentence Expiration Date:    10/9/18                    Special Parole Term to Follow?    No    X    Yes ____
On Special Parole Term Since:

Period Covered By This Report:    From 10/00    To 10/01

Total Months in Community Since Date of Last Release*:  96        Months in Community Since Last Difficulty**:  96

[ ]  Fine $N/A                          [ ]  *Restitution $N/A              [ ]  18 USC 3579

[ ]  Support or other (specify)          * (If restitution was ordered under what    [ ]  18 USC 3651
                                         Title)

[ ]  Judgment and Commitment Order Payment & Terms Specified

[ ]  Other Agreement (Specify with whom)


Total Paid to Date:            This Report Period:

Payment Schedule Met:    Yes [X]      No [ ]
(If no, has AUSA been notified of current employment and income?  Explain in evaluation.)

Early Termination Guidelines Specify (Check One)

                                                        Recommendation
[ ]   SFS Category (Very Good): = 24 months   →  Continuous time    □  Continue Supervision
                                                 Difficulty Free In  ■  Terminate
[x ]  SFS Category (Other): = 36 months        →  Community          □  Set Aside Conviction - YCA only
                                                                     □  Administrative Caseload

Evaluation and Reasons (Please provide your case evaluation, including specific reasons for any recommendation outside termination guidelines.):

Mr. Varner's adjustment to supervision continues to be viewed as satisfactory. He maintains stable residence and employment and there is no evidence of drug or alcohol use. He is now requesting a parole hearing to address possible early termination of supervision.

*Do not count any time in confinement.  In special parole cases, count all time since release from prison.
**For purposes of this report "difficulty" is defined as (1) any indication of new criminal behavior (including arrest when the underlying circumstances shows substantial evidence of law violation even though there is no conviction or parole revocation), or (2) a violation of parole condition significant enough to have been reported to the Commission on a Special Violation Report.

District:    District of Columbia                                Date:    October 29, 2001

Mailing Address: _____

U.S. Probation Officer:    Hilda G. Best                          _Hilda G. Best_
                           Name Typed or Printed                  Signature

GOVERNMENT
EXHIBIT
H

Arrests Since Date of Last Release: (Give date of arrest, offense, and date arrest was reported to the Commission by letter.  Give dispositions where possible.)

    N/A


Present Level of Supervision:                    [ ]    High Activity              [X]    Low Activity

(Explain any significant deviation from supervision guideline standards.)

    N/A


Response to Supervision During This Period: (Briefly note response to supervision covering living situation, nature and stability of current employment, drug or alcohol program attendance or problems, or other factors of strong or weak adjustment.  Note any problem areas.)

    Mr. Varner continues to respond in a positive manner, is cooperative, and presents no supervision problems.

Parole Officer's Recommendation for Release From Active Supervision: (Include reasons describing case-specific factors if departure from guidelines.)

☐ Maintain active supervision                              X Release from active supervision


---

Parole Commission Comments:

*SFS 9 GL = Life (Second Degree Murder).  Paroled 10/21/93.  Although this D.C. offender has been reprimanded for not always reporting promptly (reinstated to probation after a hearing for not reporting as instructed), he has remained crime free, employed as a paralegal, stable residence with wife, and substance abuse free.  P.O. recommends termination (not possible).  I concur with intent and recommend Release from Active Supervision.*

                                                   *12/10/01*


   No Change _____    Schedule for five year termination hearing. _____    Place on Administrative Caseload. _____

   Terminate Supervision _____    Set Aside Conviction – YCA only. _____
*Release from Active Supervision*

Date _____  *1-16-2002*                              Regional Commissioner

Instructions:
(1)    This report shall be completed after two years of active supervision and annually thereafter for every parolee and mandatory releasee and mailed to the Parole Commission.  No report is required, however, within three months of the end of the supervision period.  Retain one copy for the Probation Office file.
(2)    A terminal report shall be submitted to the Parole Commission for YCA cases - six months prior to expiration of sentence if YCA sentence is six years or more; or five weeks prior to expiration of sentence if YCA sentence is one year or less - to determine if early unconditional discharge should be granted to set aside the conviction.
(3)    In court martial cases under jurisdiction of the Parole Commission a copy should be mailed to the Office of the Commandant, U.S. Disciplinary Barracks, Fort Leavenworth, Kansas.

**Exhibit I**



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Blvd.*
*Suite 420*
*Chevy Chase, MD 20815*
*Telephone: 301-492-5821*
*Facsimile: 301-492-5525*

January 16, 2002

Ms. Hilda G. Best
Supervision Officer
District of Columbia
3rd & Constitution Avenue, N.W.
U.S. Courthouse, Room 2800
Washington, D.C. 20001-2866

**Re: VARNER, Larry A.**
**Reg. No. 00470-000**
**DCDC No.**

Dear Ms. Best:

We have enclosed an Order for the above-named. Please provide a copy to the releasee and make a copy for your files. The subject is released from active supervision. However, per 28 CFR §2.97, if the above-named is found to have violated the law or engaged in conduct which might bring discredit to the parole system prior to the expiration of the sentence, the Commission is to be informed along with your recommendation to issue a summons or warrant, withdraw the order of release and return to active supervision, or impose special condition to the order of release from active supervision.

Sincerely,

Patricia Denton
Case Services Administrator
U.S. Parole Commission

Enclosure

jcb



**Exhibit J**

U. DEPARTMENT OF JUSTICF
United States Parole Commission

<NOTEBOOK-USPO.NB>

## ORDER

**Name:**              **VARNER, Larry A.**

**Reg. No:**           **00470-000**                    **DCDC No:**

**Dist of Supv:**      **District of Columbia**

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

**Approve inactive parole/mandatory release supervision.**

The above named was released from confinement by action of the U.S. Parole Commission or on mandatory release, to remain under supervision until the maximum expiration of the adjudged sentence. **(Full Term Date: 10/9/2018)**

On the basis of reports received, the U.S. Parole Commission by authority of 28 CFR §2.96 hereby directs that subject be released from further supervision prior to the maximum expiration date of the sentence. The conditions under which subject was released are hereby waived except the condition that subject violate no law or engage in conduct which might bring discredit to the parole system, under penalty of withdrawal of the order of release or possible revocation by the U.S. Parole Commission.

This action in no way releases the above-named from the custody of the Attorney General or the jurisdiction of the U.S. Parole Commission before the maximum date of the sentence imposed by the Court nor does it relieve subject of the responsibility to live a law-abiding and reputable life. This Order is effective upon receipt of this Order and is subject to change for cause by further action by the U.S. Parole Commission at which time parole/mandatory release may be revoked, supervision may be ordered, resumed or special conditions imposed.

_____        _____
Case Services Administrator                    Date

**Remarks/Special Conditions:**



**Exhibit K**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
### PROBATION OFFICE

GENNINE A. HAGAR
E. SCOTT CHINN
ACTING CHIEF UNITED STATES PROBATION OFFICERS

E. BARRETT PRETTYMAN U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W., SUITE 2800
WASHINGTON, D.C. 20001-2866
TELEPHONE (202) 565-1300



December 14, 2006

Ms. Mary Jo Williams
Case Analyst
U.S. Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, Maryland 20815



**Re:    VARNER, Larry A.**
**Register Number: 00470-000**
**<u>VIOLATION REPORT/RETURN TO ACTIVE SUPERVISION REQUESTED</u>**

Dear Ms. Williams:

On June 8, 1984, Mr. Varner was sentenced in Superior Court of the District of Columbia to 35 years imprisonment for Second Degree Murder. On October 21, 1993, he was released to parole supervision in the District of Columbia with an expiration date of October 9, 2018. Mr. Varner was placed on inactive supervision by the U.S. Parole Commission on January 18, 2002.

The purpose of this correspondence is to notify the U.S. Parole Commission of Mr. Varner's alleged parole violation.

**Violation No. 1.**
   **On November 6, 2006, Mr. Varner was charged with Bank Fraud and Theft from a Program Receiving Federal Funding.**



GOVERNMENT
EXHIBIT
K

**VARNER, Larry A.**
**Register Number: 00470-000**
**Page 2**

On November 6, 2006, Mr. Varner was arrested at his home located in Upper Marlboro, Maryland, by authorities from the Department of Justice. Mr. Varner is charged with Bank Fraud and Theft from a Program Receiving Federal Funds. On or about July 5, 2005, as an employee of Howard University, Mr. Varner embezzled, stole, obtained by fraud, and without authority, a check in the amount of $30,000, that was owned by Howard University.

Mr. Varner's adjustment to supervision has been excellent, otherwise. He maintains stable residence at 8 Parkcrest Court, Upper Marlboro, Maryland. He is self-employed as a paralegal and had been on inactive supervision with no issues since January 2002.

We recommend Mr. Varner remain in the community until final disposition, but be placed on active supervision due to the recent pending charge. We will notify the U.S. Parole Commission of any additional violations immediately.

Sincerely,

UNITED STATES PROBATION OFFICE

Terrence D. Jenkins
United States Probation Officer
(202) 565-1342

Enclosure:    District of Columbia District Court Indictment

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.:  06-0345 (RMC) |
| | : | |
| v. | : | **Grand Jury Original** |
| | : | |
| LARRY A. VARNER, | : | VIOLATIONS: |
| | : | |
| Defendant. | : | 18 U.S.C. § 666 |
| | : | (Theft from a Program Receiving |
| | : | Federal Funds) |
| | : | |
| | : | 18 U.S.C. § 1344 |
| | : | (Bank Fraud) |
| | : | |
| | : | 18 U.S.C. § 982(a)(2)(A) and (a)(3) |
| | : | (Criminal Forfeiture) |

**COLLYER, J. RMC**

**B**

### INDICTMENT

The Grand Jury charges that:

### COUNT ONE

FILED IN OPEN COURT

DEC 0 5 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

On or about July 5, 2005, within the District of Columbia, defendant **LARRY A. VARNER**, then an employee and agent of Howard University and the Howard University Hospital, an organization that receives benefits in excess of $10,000 per year, and in all relevant years, under a Federal program involving a grant, contract, and other federal assistance, did embezzle, steal, obtain by fraud, and without authority, a $30,000 check that was owned by, and in the care, custody and control of Howard University and the Howard University Hospital.

**(Theft from a Program Receiving Federal Funds**, in violation of Title 18, United States Code, Section 666)

**SUPERSEDING**

## COUNT TWO

On or about July 5, 2005, within the District of Columbia, defendant **LARRY A. VARNER** did knowingly execute a scheme and artifice to defraud a financial institution that is insured by the Federal Deposit Insurance Corporation, that is, the SunTrust Bank, to obtain money in the amount of $30,000, which was under the custody and control of the SunTrust Bank, by means of false and fraudulent pretenses, representations and promises.

(**Bank Fraud**, in violation of Title 18, United States Code, Section 1344)

## NOTICE OF FORFEITURE

Upon conviction of one or both of the theft from a program receiving federal funds or bank fraud offenses alleged in Counts I and II of this Indictment, defendant **LARRY A. VARNER** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) (as incorporated by 28 U.S.C. § 2461(c)), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including, but not limited to, the following: **$30,000**, which represents a sum of money equal to the amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the defendant's commission of a Federal fraud or theft offense(s), in violation of 18 U.S.C. §§ 666 and 1344.

Pursuant to 21 U.S.C. § 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the amount described above, if, by any act or omission of said defendant, the property identified above as subject to forfeiture:

a.  cannot be located upon the exercise of due diligence;
b.  has been transferred, sold to or deposited with a third party;
c.  has been placed beyond the jurisdiction of the court;
d.  has been substantially diminished in value; or
e.  has been commingled with other property which cannot be divided without difficulty.

All in accordance with 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461 (incorporating 18 U.S.C. §

981(a)(1)) and Rule 32.2(a), Federal Rules of Criminal Procedure.

    **(Criminal Forfeiture,** pursuant to Title 18, United States Code, Sections 981 and
982; Title 28, United States Code, Section 2461; and Fed. R. Crim. P. 32.2(b)(1))

A TRUE BILL

FOREPERSON

Attorney of the United States in
and for the District of Columbia

**Exhibit L**

# Memorandum



| Subject | Date |
|---|---|
| **Varner, Larry**<br>**Reg. No. 00470-000** | January 20, 2007 |

| To | From |
|---|---|
| Commissioner<br>U.S. Parole Commission | *Jeoman S. Jackson*<br>Jeoman S. Jackson<br>Case Analyst<br>U.S. Parole Commission |

**Summary:** The subject is a D.C. code offender that was sentenced to serve 35 years for Second Degree Murder on 6/8/1984. The subject was paroled on 10/21/1993 with a full term expiration date of 10/9/2018. He was placed on inactive supervision on 1/18/02.

In a violation report dated 12/14/06, the USPO advised the Commission that the subject was arrested on 11/6/06 and charged in Prince George's County, Maryland with Bank Fraud and Theft from a Program Receiving Federal Funding. The incident stemmed from the subject's employment with Howard University in which he executed a scheme in which he obtained by fraud and without authority a check in the amount of $30,000 which was owned by Howard University on 7/5/2005 from Suntrust Bank. The subject was indicted 11/30/06. The subject's next court date is a status hearing on 12/20/06 in D.C. Superior Court with Judge Collier. The USPO is recommending the subject remain in the community pending the disposition of the case. The USPO is also recommending the subject be removed from inactive supervision to active supervision.

This analyst concurs with the recommendation because it would allow the subject to be more effectively supervised pending the disposition of the case. The act of removing the subject from inactive supervision to active would act as a temporary sanction should he be convicted, additional sanction can be imposed. In light of this new information, this analyst recommends the subject be returned to active supervision.

**Recommendation:** As provided by 2.97, withdraw the order of release from active supervision to return parolee to active supervision.

| Reviewer: | _MARC BHANGRT_ __Agree__ | _____ Disagree | _____ Discuss |
|---|---|---|---|
| Commissioner: | _____ Agree | _____ Disagree | _____ Discuss |
| Comm/Designee: | _____ Agree | _____ Disagree | _____ Discuss |

_____ _____     1-24-07

**Commissioner/Designee**                    **Date**

GOVERNMENT
EXHIBIT
2

# U.S. DEPARTMENT OF JUSTICE
## U.S. Parole Commission

## ORDER

**Name:**        Varner, Larry

**Reg. No:**     00470-000

**Institution:**  USPO, Washington, DC

In the case of the above-named, the Commission has ordered the following:

As provided by §2.97, withdraw the order of release from active supervision and return to active supervision

**With the special condition(s) as indicated below:**

**Reasons:**

Arrest on 11/6/06

Jequan S. Jackson, Case Analyst

1-29-07

cc: Terrance Jenkins
    USPO | DC

**Exhibit M**

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  VARNER, Larry                          USPO:    District of Columbia

Register Number:  00470-000                   Date:    January 26, 2007

---

In the case of the above-named, the following action was ordered:

As provided by §2.97, withdraw the order of release from active supervision and return to active supervision.

**REASONS:**

Arrest on November 6, 2006.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    Terrance Jenkins
       U.S. Probation Officer
       District of Columbia
       3rd & Constitution Avenue, NW.
       U.S. Courthouse, Room 2800
       Washington, D.C. 20001-2866


GOVERNMENT
EXHIBIT
M

---

**Exhibit N**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :  **CRIMINAL NO. : 06-345 (RMC)**

                       :

           v.                :

                       :

**LARRY A. VARNER,**         :

                       :

           **Defendant.**  :

                       :

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. For the reasons explained below, the government urges the Court to impose a sentence that falls within the Sentencing Guideline range of 6 to 12 months, as calculated in the Presentence Report (par. 53, p. 11), for Theft from a Program Receiving Federal Funds. The government also urges the Court not to substitute home detention for any portion of the imprisonment. The government's reasoning for this request is explained below.

At the time of this offense, defendant Varner was employed as a paralegal in the General Counsel's Office of Howard University, which is located at 2400 6th Street, NW, Washington, D.C. The General Counsel's Office is responsible for the litigation and settlement of civil claims against Howard University and the Howard University Hospital (the "Hospital"), a self-insured institution. Defendant Varner devised a scheme to steal $30,000 from Howard and the Hospital by using his position as a paralegal in the General Counsel's Office.



GOVERNMENT
EXHIBIT

In or about July 2004, a patient identified as "JB" was treated at Howard University Hospital. After JB was treated, JB filed a lawsuit against the Hospital. On or about June 30, 2005, the defendant drafted a letter to the Administrative Officer of the Hospital requesting that a $30,000 payment be made to the firm "Call for Justice" as settlement for the claim filed by JB. Defendant Varner prepared the request letter without the knowledge, approval, or authority of JB or his superiors in the General Counsel's Office; however, as required by policy, the request letter appeared to be initialed by the Deputy General Counsel and the Senior Associate General Counsel of Howard University. The defendant hand-delivered the request letter, accompanied by a confidential settlement agreement and release, to a receptionist at the Hospital's Administrative Office, located at 2041 Georgia Avenue, NW, Washington D.C. The confidential settlement and release also appeared to contain the signatures of the Senior Associate General Counsel for Howard University and of the claimant, JB. Defendant Varner, however, had forged both of these signatures, as well as both sets of initials on the request letter.

After receiving the fake request letter and settlement documents, the Hospital's Administrative Officer noticed that the format of the request letter was incorrect and in need of revision. The Administrative Officer called the defendant and described the changes that needed to be made. The defendant made the changes and subsequently delivered a corrected request letter to the Administrative Officer.

Based on the corrected request letter, the Hospital obtained a $30,000 settlement check made payable to "Call for Justice P.S.," and the defendant picked up the check. On or about July 8, 2005, the defendant deposited the $30,000 check into a Chevy Chase Bank account, under the name "Call For Justice P.S." The defendant is the sole account holder and authorized signatory on that "Call For

2

Justice" bank account. The defendant then used his ill-gotten $30,000 gain to help him purchase a home in Upper Marlboro, Maryland, for $472,100.

In a victim impact letter to the Court, dated July 31, 2007, Norma B. Leftwich, General Counsel of Howard University, urged the Court to sentence defendant Varner to at least 8 months incarceration and to require him to perform community service and make restitution.    (See Attachment). The government supports Howard University's sentencing requests and notes that an 8-month sentence is well within the sentencing range established by the Sentencing Guidelines. As the Supreme Court instructed in U.S. v. Booker, 125 S. Ct. 738 (2005), the sentencing court should consult the sentencing range established by the Sentencing Guidelines in determining an appropriate sentence. The sentencing court also must consider the sentencing factors described in 18 U.S.C. § 3553(a). Based on the Sentencing Guidelines, sentencing factors, and defendant's criminal history, including the instant offense, the government is convinced that the sentencing range of 6 to 12 months, and specifically, a sentence of 8 months, is appropriate and reasonable for defendant Varner. See U.S. v. Olivares, 473 F.3d 1224 (D.C. Cir. 2006) ("In *Booker*, the Supreme Court . . . instructed that sentences shall be reviewed for reasonableness").

Defendant Varner used his access to confidential, proprietary, and personal information to steal money from Howard University to help finance the purchase of his house. Defendant Varner thus took advantage of the trust placed in him as a member of the University's General Counsel's Office, and his lack of integrity deserves genuine punishment.[1] A sentence that appears to be a slap on the wrist will not deter this defendant, or others, from engaging in similar criminal activity in the

---

[1] We note that the defendant is no stranger to the art of deception. The resume that he submitted to Howard to obtain his paralegal position indicated that from 1982 through 1993, he was a "Corrections Officer" with the D.C. Department of Corrections, when in fact, during most of those years he was an inmate serving time for Second Degree Murder.

3

future.

While it is true that the defendant has agreed to forfeit $30,000 as part of his sentence, which the government intends to remit to Howard University as restitution, this factor does not mean that the defendant deserves leniency. The ideal of justice demands that defendant Varner pay back what he stole. To ensure that the defendant receives an appropriate sentence for this particular crime, the government believes that defendant Varner should not be permitted to spend any portion of this sentence in home detention. As indicated above, the defendant used the money he stole to help purchase the very home in which he would be detained. To impose a sentence involving home detention thus would permit defendant Varner to enjoy the very benefits of the crime for which he is to be punished. Just as with real estate, when it comes to sentencing this defendant, one very important aspect is "location, location, location." Only by refusing to substitute home detention for any period of the defendant's imprisonment can this Court promote respect for the law and convey the message that crime truly does not pay.

WHEREFORE, the government urges the Court to impose a significant sentence of imprisonment that does not substitute home detention for any portion of that imprisonment.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No.498 610

By:    _____

FREDERICK W. YETTE, DC Bar 385 391
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-1666
Frederick.Yette@usdoj.gov

4

**Exhibit O**

AO 245B    (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA
**V.**

LARRY ALPHONSO VARNER

**JUDGMENT IN A CRIMINAL CASE**

**FILED**

Case Number:  06-345

USM Number:  00470-000

**SEP - 6 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tony Miles, Esquire
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    one of the superseding indictment on 4/20/07.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 666 | Theft from a Program Receiving Federal Funds | July 5, 2005 | One |

The defendant is sentenced as provided in pages 2 through    11    of this judgment.  The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) all remaining counts                              is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 24, 2007
Date of Imposition of Judgment

Signature of Judge

Rosemary M. Collyer
Name of Judge

U.S. District Court Judge
Title of Judge

9/6/07
Date


GOVERNMENT
EXHIBIT
O

AO 245B    (Rev 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page    2    of    11

**DEFENDANT: LARRY ALPHONSO VARNER**
**CASE NUMBER: 06-345**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

6 months as to count one of the superseding indictment.

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☑  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

|  | Judgment—Page | 3 | of | 11 |
|---|---|---|---|---|

DEFENDANT:  LARRY ALPHONSO VARNER
CASE NUMBER:  06-345

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

three years as to count one of the superseding indictment.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.