UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

OCT 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Larry A. Varner                      :
                                     :
      Petitioner,                    :
                                     :
vs.                                  :    Civil Action No. 07-1509(RJL)
                                     :
Edward F. Reilly, Jr., et al.,       :
                                     :
      Respondents.                   :
                                     :

### PETITIONER'S REPLY TO UNITED STATES PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Larry A. Varner, ("Petitioner") Pro Se, hereby reply to The United States Parole Commission's ("Respondents") Opposition to Petitioner's Petition for Writ of Habeas Corpus ("Petition").

### PETITIONER'S REPLY

The sole issue facing the Court in the instant Habeas Corpus petition, is whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States" 28 U.S.C. 2254(a). However, Respondents have raised some issues that if gone without rebuttal, might cast a blinding shadow over the core consideration for this Court.

Respondents makes mention of an October 9, 1998 violation report and warrant request, wherein it states that Petitioner was in violation of his parole for 1) Failure to Report Change in Residence and 2) Failure to Submit Monthly Supervision Reports.(See, Respondents' Exhibit D). The report is supported by a violator warrant (Respondents'

Exhibit E), and the U.S. Marshals Service Facsimile (Respondents' Exhibit F). It is the violation report and warrant request that deserves a brief rebuttal.

What is missing from the Respondents' description of this incident is the fact that: 1) Petitioner was told by the them supervising probation officer that Petitioner did not have to make office visit or submit monthly supervision reports; 2) That on occasion between January 1996 and until at least January 1997, the probation officer and petitioner spoke over the phone, the probation offer spoke several times with Petitioner's sister with whom Petitioner was living with at the time, and home visits were conducted by the officer; 3) Petitioner was married on September 21, 1996, and the probation officer was invited the wedding, and was made aware of the change of residency and contact numbers as a result of that marriage. Therefore, there had been some form of communication with between the probation officer and the Petitioner and at no time did he request that the supervision regime change.

Without challenging the integrity of its contents or of its author, the October 9th memorandum was merely an internal mechanism necessary to obtain an arrest warrant and provide the means by which the Commission could restore their posture, as well as to regain control over the supervision of the Petitioner. Thus, Petitioner contends that it was because of the validity of above facts that the Petitioner was released <u>forthwith</u> from the custody of the warrant.

On September 21, 2006 Petitioner received a telephone call from Respondent Terrence Jenkins. Without providing any explanation, Respondent stated that Petitioner would have to start submitting monthly supervision reports and that he wanted me to visit him in his office. Petitioner reminded Respondent that his status was inactive and

2

inquired by what authority was he making those requests. Respondent Jenkins retorted, "I'm the authority!" See, Exhibit 1, telephone conversation record.[1] On October 4, 2006, via facsimile, Petitioner requesting from the Respondents, information to justify the submission of the monthly reports once placed on an inactive supervision status. See, Exhibit 2, letter dated October 4, 2006. On October 5, 2006, Petitioner submitted his monthly supervision report as instructed by Respondent Jenkins. See, Exhibit 3, supervision report. Also, on October 5, 2006, Petitioner hand-delivered to Respondent Jenkins a letter requesting information to justify the submission of the monthly reports and whether the January 18, 2002, Order placing Petitioner on inactive parole was rescinded or otherwise revoked. See, Exhibit 4, letter dated October 5, 2006.

After the submission of the October 4, 2006 and October 5, 2006 letters were submitted to the named Respondents herein, no response was received when on October 23, 2006, they were contacted. The Commission through a representative confirmed that the faxed letter was received however, she was unable to tell me when Petitioner would receive a response or who the matter was assigned to for a response, only that the General Counsel for the Respondents was ultimately responsible for providing a response. See, Exhibit 5, telephone conversation record to Office of the General Counsel, U.S. Parole Commission. When contacted, Respondent Jenkins replied, "Frankly, I don't feel that I have to respond to you." See, Exhibit 6, telephone conversation record to Respondent Jenkins. To date, no response was received from the Commission and on November 8, 2006, Petitioner received a telephone call from Respondent Jenkins stating "You are

---

[1] Since the October 1998 incident, Petitioner began to make a note of all communications with U.S. Probation Office.

3

correct about not having to turn in monthly reports." <u>See</u>, Exhibit 7, telephone conversation record to Respondent Jenkins dated 11/8/2006.

Respondents in their Opposition to Petitioner's Petition for Writ of Habeas Corpus, incorrectly asserts that Petitioner was arrested on November 6, 2006. <u>Id</u>. p. 2. The correct date of Petitioner's arrest was December 6, 2006. Respondents further states that Respondents withdrew its prior order of release from active supervision and returned Petitioner to active supervision. <u>Id</u>. pp 2-3. Respondents attached Exhibits L and M in support of their assertion, however, they do not state how or when their actions where communicated to the Petitioner. In fact, it is for the first time, through their opposition, that Petitioner has seen any official documentation or is learning in any official form that his supervision status has been changed.[2]

On or about February 23, 2007, Respondent Jenkins left his business card at Petitioner's residence in Upper Marlboro, Maryland. On the back of the card Respondent Jenkins wrote a note requesting that Petitioner call him on Monday, February 26TH. <u>See</u>, Exhibit 8, business card, front and back view. As requested, Petitioner phoned Respondent Jenkins on Monday and was told that monthly supervision reports would have to again be submitted and that he needed to schedule a home visit to my residence. Again Respondent Jenkins was asked by what authority were those requests being made, and again he retorted, "I am the authority!" <u>See</u>, Exhibit 9, telephone conversation record to Respondent Jenkins dated 02/26/2007. To date, with the exception of Respondents'

---

[2] During Petitioner's arraignment of his December 6, 2006 arrest, Respondent Jenkins responded to the court that the Commission was taking no action with regards to Petitioner's status, as he has maintained employment and have abided by the conditions of his parole. This was the last and only official position known to the Petitioner.

Exhibits L and M, Petitioner has not received or been told that his parole supervision status has been changed.

## ARGUMENTS

I. **Petitioner Was Entitled to a Notice and/or Hearing on the Commission's Decision to Return Him to Active Supervision.**

Succinctly put, the Petitioner was entitled to notice of the Respondents' decision to return him to action supervision under the United States Parole Commission's Rules and Procedures Manual (hereinafter referred to as the "Manual"). Just as an order of release from active supervision requires that a copy of the order be delivered to the releasee, See, Manual at §2.96(a), so too does a decision to return a releasee to active supervision because it is a change in the conditions of the parole for the releasee.[3] See, Manual at §2.204-08. Not only does §2.204-08 at paragraph (a) requires that notice be given to the releasee, it suggests that the change be discussed with the releasee and that the notice be given to the releasee in person. Further, §2.204-08 allows for comments from the releasee regarding any change in conditions and a ten (10) day period to allow for comment from the releasee before approval or disapproval is given by the Commission. Id.

Finally, the Manual requires notice to the releasee regarding any change in the conditions for parole because the releasee may appeal any such decisions. Id. §§2.40(d), 2.41-04(a).

---

[3] The change in the Petitioner's case was having to submit monthly supervision reports, be subject to having to make office visits to the Probation Officer and having that Probation Officer make home visits to the releasee's residence.

II. **Petitioner Remains Under The Custody And Control Of The Respondents In Violation Of Applicable Statutes And Laws.**

The Good Time Credits Act of 1986 provides that D.C. Code offenders get credit for their street time against the service of their sentences. D.C. Law 6-218, §534 D.C. Reg. 484 (1987). D.C. Code §24-221(a) states:

> "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed."

The mandatory release date of April 10, 2007, indicated on Petitioner's computation sheet reflects the time Petitioner was to be released from his sentence. See, Respndents' Exhibit A attached to their Opposition.

## CONCLUSION

Wherefore, above premises considered, this Court should in all things requested in the instant Petition, be granted.

Respectfully submitted,

_____
LARRY A. WARNER, PRO SE
8 Parkcrest Court
Upper Marlboro, MD 20774
240-461-9216

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petitioner's Reply to Respondents' Opposition for Writ of Habeas Corpus was sent by U.S. Mail, certified, return receipt requested, postage pre-paid, on this 18th day of October 2007 to:

>Margaret J. Chriss, AUSA
>Judiciary Center Building
>555 Fourth Street, NW
>Washington, DC 20530

_____
Larry Varner

TELEPHONE CONVERSATION RECORD

DATE: September 21, 2006

CALL FROM: Mr. Terrance Jenkins

CALL TO: _____

RE: Parole Supervision

    Received a phone call from Mr. Terrance Jenkins, U.S. Probation Officer at approx. 11:00 AM. Mr. Jenkins stated that I would have to start back submitting monthly supervision reports. When I reminded him that my parole status was inactive supervision, he stated that he was still allowed to monitor parolees through monthly supervision reports. He also stated that he wanted me to make an office visit some time next week. I asked him had my parole been revoked and he responded that it had not. I then requested that he provide me by what authority was he making such a request. The inflection in his voice became agitated and he said, "I'm the authority!" I said okay, and asked him when did he want me to come in. He said that he would get back to me.

    Call ended approx. 11:23 AM.

EXHIBIT 1

# LARRY A. VARNER
cfjps1195@aol.com

Home   (301) 808-3239
Mobile  (240) 461-9216

8 Parkcrest Court
Upper Marlboro, MD 20774

October 4, 2006

<u>*Via Facsimile 301-492-5563*</u>

The Office of the General Counsel
**UNITED STATE PAROLE COMMISSION**
**U. S. DEPARTMENT OF JUSTICE**
5550 Friendship Boulevard, Suite 420
Chevy Chase, Maryland 20815-7286

      Re:  Larry A. Varner
           Reg. No. 00470-000
           DCDC # 210131

Dear Commission:

      On January 18, 2002, by Order, I was approved and released from supervision pursuant to 28 CFR 2.96. The only condition stipulated in the January Order is, "that subject violate no law or engage in conduct which might bring discredit to…the U.S. Parole Commission."

      Please clarify whether, under the above provision, the parolee is required to submit monthly supervision reports.

      If you have any questions regarding this request, please contact me at your convenience through the information provided above.

      Thanking you in advance for your assistance and cooperation, I remain,

Very truly yours,

*[signature]*
Larry A. Varner

**EXHIBIT 2**

PROB 8
Rev. 9/00)

**EXHIBIT 3**

# U.S. PROBATION OFFICE
## MONTHLY SUPERVISION REPORT FOR THE MONTH OF October, 2006.

Name: Larry A. Varnar

Court Name (if different): Superior Court of the District of Columbia

### PART A: RESIDENCE (If new address, attach copy of lease/purchase agreement.)

Street Address, Apt. Number: 8 Parkcrest Court    Own or Rent? **Own**

City, State, Zip Code: Upper Marlboro, MD 20774

Secondary Residence: N/A    Own or Rent? N/A

Mailing Address (if different): N/A

Home Phone: 301·808·3239    Cellular Phone: 240·461·9216    Pager:

Persons Living With You:

Did you move during the month? ☐ Yes ☑ No

If yes, date moved: N/A    Reason for Moving:

E-Mail Address: CFJBS1195@aol.com

### PART B: EMPLOYMENT (If unemployed, list source of support under Part D.)

Name, Address, Phone No. of Employer:
Call For Justice Paralegal Services
P.O. Box 4301
Upper Marlboro, MD 20775-0301

Name of Immediate Supervisor: Self

Is your employer aware of your criminal status: ☑ Yes ☐ No

How many days of work did you miss? N/A    Why? None

Position Held: Owner    Gross Wages: 3,915.00    Normal Work Hours: 8:00AM - 4:00PM

Did you change jobs? ☐ Yes ☑ No
Were you terminated? ☐ Yes ☑ No

If changed jobs or terminated, state when and why: N/A

### PART C: VEHICLES (List all vehicles owned or driven by you.)

| Year/Make/Model/Color | Mileage | Tag Number | Owner |
|---|---|---|---|
| 97 Geo Metro Green | 167,000 | GFE-186 MD | Larry A. Varnar |
| N/A | N/A | N/A | N/A |

Vehicle I.D.#: N/A

### PART D: MONTHLY FINANCIAL STATEMENT

Net Earnings from Employment (Attach Proof of Earnings): 3,915.00 / 2,760.72

Other Cash Inflows:

TOTAL MONTHLY CASH INFLOWS: 3,915.00

TOTAL MONTHLY CASH OUTFLOWS: 1,888.06

Do you rent or have access to:
a post office box? ☑ Yes ☐ No    a safe deposit box? ☐ Yes ☑ No
a storage space? ☐ Yes ☑ No

Name and Address of Location: 68 Watkins Park Drive, Upper Marlboro, MD 20775

Box No. or Space:

Do you have checking ☑ Yes ☐ No
Bank Name: Chevy Chase    Account: 1173336125    Balance: 2,760.72

Do you have savings account(s)? ☑ Yes ☐ No
Bank Name: Chevy Chase    Account: 1343246661    Balance: 1,000.00

Attach a complete listing of all other financial account information, if you have multiple accounts.

Does your spouse, significant other, or dependant have a checking or savings account that you enjoy the benefits of or make occasional contributions toward? ☐ Yes ☐ No

Bank Name:
Account No.:    Balance:

List all expenditures over $500 (including e.g., goods, services, or gambling losses)

| Date | Amount | Method of Payment | Description of Item |
|---|---|---|---|
| NONE | | | |

PROB 8
(Rev. 9/00)

Page 2

## PART E: COMPLIANCE WITH CONDITIONS OF SUPERVISION DURING THE PAST MONTH

Were you questioned by any law enforcement officers? ☐ Yes ☒ No
If yes, date: N/A
Agency: N/A
Reason: N/A

Were you arrested or named as a defendant in any criminal case? ☐ Yes ☒ No
If yes, when and where? N/A
Charges: N/A
Disposition: N/A

(Attach copy of citation, receipt, charges, disposition, etc.)

Were any pending charges disposed of during the month? ☐ Yes ☒ No
If yes, date: N/A
Court: N/A
Disposition: N/A

Was anyone in your household arrested or questioned by law enforcement? ☐ Yes ☒ No
If yes, whom? N/A
Reason: N/A
Disposition: N/A

Do you have any contact with anyone having a criminal record? ☐ Yes ☒ No
If yes, whom? N/A

Do you possess or have access to a firearm? ☐ Yes ☒ No
If yes, why? N/A

Did you possess or use any illegal drugs? ☐ Yes ☒ No
If yes, type of drug: N/A

Did you travel outside the district without permission? ☐ Yes ☒ No
If yes, when and where? N/A

Do you have a special assessment, restitution, or fine? ☐ Yes ☒ No    If yes, amount paid during the month:
Special Assessment: N/A    Restitution: N/A    Fine: N/A

**NOTE: ALL PAYMENTS TO BE MADE BY MONEY ORDER (POSTAL OR BANK) OR CASHIER'S CHECK ONLY.**

Do you have community service work to perform? ☐ Yes ☒ No
Number of hours completed this month: N/A
Number of hours missed: N/A
Balance of hours remaining: N/A

Do you have drug, alcohol, or mental health aftercare? ☐ Yes ☒ No
If yes, did you miss any sessions during this month? ☐ Yes ☐ No  N/A
Did you fail to respond to phone recorder instructions? ☐ Yes ☐ No  N/A
If yes, why? N/A

WARNING: ANY FALSE STATEMENTS MAY RESULT IN REVOCATION OF PROBATION, SUPERVISED RELEASE, OR PAROLE, IN ADDITION TO 5 YEARS IMPRISONMENT, A $250,000 FINE, OR BOTH.

(18 U.S.C. § 1001)

I CERTIFY THAT ALL INFORMATION FURNISHED IS COMPLETE AND CORRECT.

_[signature]_     10/31/2006
SIGNATURE         DATE

REMARKS:

RECEIVED:

_____ Mail        _____ OC
_____ HC          _____ CC

RETURN TO:

United States Probation Office
E. Barrett Prettyman, U. S. Courts
333 Constitution Avenue, NW, Room 2800
Washington, D. C. 20001
Attn: USPO Terrence D. Jenkins

U.S. Probation Officer          Date

# LARRY A. VARNER
cfps1195@aol.com

Home    (301) 808-3239                                   8 Parkcrest Court
Mobile  (240) 461-9216                                   Upper Marlboro, MD 20774

October 5, 2006

**Hand delivered**

Terrance Jenkins
United States Probation Officer
**UNITED STATES DISTRICT COURT**
300 Constitution Avenue, N.W.
Washington, D.C. 20001-2866

    Re:  **Larry A. Varner**
          **Reg. No. 00470-000**
          **DCDC # 210131**

Dear Mr. Jenkins:

    On January 18, 2002, by Order, I was approved and released from supervision pursuant to 28 CFR 2.96. The only condition stipulated in the January Order is, "that subject violate no law or engage in conduct which might bring discredit to…the U.S. Parole Commission." Please provide the date and the manner in which the Order was revoked.

    If the Order is not revoked, please clarify whether under the above provision, the parolee is required to submit monthly supervision reports. Please state by what authority you are now requiring me to submit monthly reports.

    If you have any questions regarding this request, please contact me at your convenience through the information provided above. Thanking you in advance for your assistance and cooperation, I remain,

Very truly yours,

*[signature]*
Larry A. Varner

cc:
    Brian Shaffer



EXHIBIT 4

# TELEPHONE CONVERSATION RECORD

DATE: 10/23/2006

CALL FROM: _____

CALL TO: Office of the General Counsel

RE: Request for Information
Larry A. Varner; Parole - Inactive Supervision

    Call to the Office of the General Counsel of the U.S. Parole Commission, I spoke to a Ms. Tonisha Nichelle Jackson. I explained to Ms. Jackson that I faxed and mailed a copy, a request for information on October 4, 2006, and had not received a response. The purpose of the call was to confirm that the request was received and if so, the call was a follow up for a response. After placing me on hold for a while, Ms. Jackson confirmed that the request was received but stated that she did not know when I would receive a response. I asked her who in the office was the request assigned to for a response. She stated that she didn't know of any one particular person that it was assigned to, but that the General Counsel is responsible for providing a response. I asked who was the General Counsel and she replied, Rocky Chickinell.

Call time: 10:30AM - 10:57AM



EXHIBIT 5

# TELEPHONE CONVERSATION RECORD

DATE: 10/23/2006

CALL FROM: _____

CALL TO: Mr. Terrance Jenkins

RE: Follow up to Request for Information

Called Mr. Jenkins, U.S. Probation Officer, to follow up on my written request for information dated October 5, 2006. I asked him if he had put forth any effort into obtaining and providing me the information I requested. Although he was cordial, he seemed agitated throughout our conversation. He stated, "You know, you can ask the Commission for anything you want." I explained to him that I had sent a request for information from them as well, but that he was my case manager and that it was protocol that I go through and to him with any concerns that I might have. I then asked him if he had a problem with me seeking information or an explanation for action in which he himself had taken (He said previously that he was the authority that was requiring me to submit monthly reports, apparently for no reason.) He replied, "Frankly, I don't feel that have to respond to you." Being somewhat surprised by his response, I thanked him and told him that I would appreciate it he would provide the requested information.

Call time: 11:15 am - 11:28 AM



EXHIBIT 6

# TELEPHONE CONVERSATION RECORD

DATE: 11/8/2006

CALL FROM: Mr. Tarranca Jenkins

CALL TO: _____

RE: Letter dated 10/5/06

Received a call from Mr. Jenkins @ 8:07 am. Mr. Jenkins stated, "You are correct about not having to turn in monthly reports."

(This was in response to my letter to Mr. Jenkins dated October 5, 2006).

Call ended approx. 37 seconds.

EXHIBIT 7



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**TERRENCE D. JENKINS**
UNITED STATES PROBATION OFFICER

E. BARRETT PRETTYMAN U.S. COURTHOUSE    TEL: (202) 565-1342
333 CONSTITUTION AVE., NW, RM. 2800      FAX: (202) 273-0242
WASHINGTON, DC 20001      Terrence_Jenkins@dcp.uscourts.gov

Mr. Varner,
Give me a call on Monday
2/26

**EXHIBIT**
8

# TELEPHONE CONVERSATION RECORD

DATE: February 26, 2007

CALL FROM: _____

CALL TO: Mr. Torrence Jenkins
         U.S. Probation Officer

RE: _____

Phoned Mr. Jenkins as he requested. Mr. Jenkins stated that I would have to submit monthly statements and start making visits to his office, and that he need to schedule a home visit to my residence. When I asked him what was going on, he stated that he was just doing his job. I reminded him that he told me that my status had not changed, so by what authority was he now telling me something different. He stated, "I'm the authority." He stated that he was just doing his job so I needed to submit monthly reports, make office visits and that he would be making home visits and he need to schedule one with me now. We scheduled a home visit for March 1, 2007 @ 8:00 AM.

Call Time: 10:00AM - 10:15AM

EXHIBIT 9