UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 1 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Larry A. Varner, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 07-1509 (RJL) |
| | ) |
| Edward F. Reilly, Jr. *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION
March 7\[?\], 2008

In this habeas corpus action brought *pro se*, petitioner, a District of Columbia parolee under the supervision of the United States Parole Commission, challenges his continued custody on a 1984 conviction. Specifically, petitioner contends that the Commission's decision to change his parole status from inactive to active was "arbitrary and capricious" and in violation of the due process clause. He also suggests that his sentence expired on his mandatory release date of April 10, 2007. Upon consideration of the petition and the opposition thereto, the Court finds no grounds for issuing the writ and, thus, denies the petition.

### I. BACKGROUND

On April 24, 1984, petitioner pleaded guilty in the Superior Court of the District of Columbia to second-degree murder and, on June 8, 1984, was sentenced to a prison term of 10 to 35 years. On October 21, 1993, petitioner was released to parole supervision until October 9, 2018. In November 1998, petitioner was arrested on a parole violator warrant but was subsequently released. On October 29, 2001, the Commission ordered petitioner released from active parole supervision, which took effect on January 16, 2002. In November 2006, petitioner



was arrested and subsequently indicted by a grand jury of this Court on one count of Theft From a Program Receiving Federal Funds and one count of Bank Fraud.[1] Consequently, the Commission returned petitioner's parole to active status.

## II. DISCUSSION

A District of Columbia prisoner is entitled to habeas relief upon a showing that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). It is established that District of Columbia prisoners do not have a constitutionally protected liberty interest in parole and therefore have no protections under the due process clause with respect to parole determinations or procedures. *Ellis v. District of Columbia*, 84 F.3d 1413, 1415-20 (D.C. Cir. 1996). Although District of Columbia parolees do have due process rights when their "conditional" freedom is at stake via a revocation proceeding, *id.* at 1420, respondents rightly contend that the change in petitioner's parole status from inactive to active did not amount to a parole revocation triggering due process concerns. And "unless an individual is threatened with losing liberty within the Fifth Amendment's meaning, it is of no constitutional moment whether the individual will receive due process of law." *Franklin v. District of Columbia*, 163 F.3d 625, 631-32 (D.C. Cir. 1998) (internal quotation marks omitted). In addition, petitioner cannot credibly argue that the change in his parole status violated federal law in light of the following regulation.

> If, after an order of release from supervision has been issued by the Commission, and prior to the expiration date of the sentence(s) being served, the parolee commits any new criminal offense or engages in any

---

[1] In the criminal proceeding before Judge Rosemary Collyer, petitioner pleaded guilty to the Theft charge and, on September 6, 2007, was sentenced to six months' imprisonment and three years' supervised release.

2

conduct that might bring discredit to the parole system, the Commission may, in its discretion, do any of the following:

(a) Issue a summons or warrant to commence the revocation process;

(b) *Withdraw the order of release from supervision and return the parolee to active supervision*; or

(c) Impose any special conditions to the order of release from supervision.

28 C.F.R. § 2.97 (emphasis added).

Petitioner suggests that his custody expired on his statutory or mandatory release date of April 10, 2007, which was calculated as of October 21, 1993 based on petitioner's actual days of confinement minus good-time credit. Resp't Ex. A. But, as respondents indicate, petitioner has not accounted for his release to parole, which "essentially mooted his mandatory release date." Resp't. Opp'n at 6; *see* D.C. Code § 24-404(a) (parolee remains in legal custody until expiration of full-term date, here October 9, 2018, "without regard to [previously earned] good time allowance").

For the foregoing reasons, the Court finds no grounds for issuing the writ of *habeas corpus*. A separate Order of dismissal accompanies this Memorandum Opinion.

／s／ _____
RICHARD J. LEON
United States District Judge